## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **(1)** | **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, an Illinois Corporation,** | ) ) ) ) |
| | **Plaintiff,** | ) ) |
| **vs.** | | ) **Case No. CIV-20-436-PRW** |
| | | ) |
| **(1)** | **A & D BROWN ENTERPRISES, INC., d/b/a BROWN'S DRIVING SCHOOL,** | ) ) ) ) |
| | | ) |
| **(2)** | **NICK SHAFFER,** | ) |
| | | ) |
| **(3)** | **CHARLA SHAFFER,** | ) |
| | | ) |
| **(4)** | **NICK SHAFFER AND CHARLA SHAFFER, as Parents and Next Friends of H.S., a Deceased Minor,** | ) ) ) ) |
| | | ) |
| | **Defendants.** | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

**COMES NOW** Plaintiff, State Farm Mutual Automobile Insurance Company ("State Farm"), by and through counsel of record, and hereby seeks declaratory judgment pursuant to 28 U.S.C. 2201 *et seq.*, relating to the rights and liabilities of the parties under a certain State Farm Business Car Policy insuring the Named Insured's fleet of vehicles as more fully set forth herein.

## I.    JURISDICTION AND VENUE

1.     Plaintiff, State Farm, is incorporated and has its principal place of business in the State of Illinois.

2.     Defendants, Nick and Charla Shaffer, are residents and citizens of Oklahoma City, Oklahoma County, State of Oklahoma.

3.     Defendants, Nick and Charla Shaffer, are the surviving parents and next of kin of H.S., a minor.  H.S. suffered fatal injuries in an automobile accident on January 15, 2020 ("Underlying Accident"). At the time of her death, H.S. was residing and domiciled with her parents in Oklahoma City, Oklahoma County, State of Oklahoma.

4.     Defendant, A & D Brown Enterprises, Inc., d/b/a Brown's Driving School ("Brown's Driving School"), is an Oklahoma corporation with its principal place of business in Oklahoma City, Oklahoma County, State of Oklahoma.

5.     The insurance policy at issue in this declaratory judgment action is State Farm Business Car Policy Number 323 6822-C01-36G ("Policy"). The Policy was issued by State Farm to the Named Insured, A & D Brown Enterprises, Inc., d/b/a Brown's Driving School. A certified copy of the Policy is attached hereto, and incorporated herein, as Exhibit No. 1. The Policy includes Endorsement 6030 FB Business Named Insured.

6.     Subject to its terms and conditions, the Policy provides Single Limit Liability Coverage in the amount $1,000,000.00. (Policy, Vehicle Schedule and Endorsement 6289CS Single Limit Liability Coverage, Exhibit No. 1).

7.    Subject to its terms and conditions, the Policy provides Uninsured/ Underinsured Motor Vehicle Coverage with limits of $100,000.00 Each Person and $300,000.00 Each Accident. (Policy, p. 13 and Vehicle Schedule, Exhibit No. 1).

8.    As a result of the Underlying Accident, Nick and Charla Shaffer, Individually, and as Parents and Next Friends of H.S., deceased, have made claims against Brown's Driving School. In turn, Brown's Driving School has made claims for defense and indemnity with State Farm under the Policy.

9.    As a result of the Underlying Accident, Nick and Charla Shaffer, Individually, and as Parents and Next Friends of H.S., have made claims to recover Underinsured Motorist Vehicle Coverage under the Policy as a result of the fatal injuries sustained by H.S.

10.    The amount at issue in this declaratory judgment action exceeds the amount for diversity jurisdiction pursuant to 28 U.S.C. § 1332 based on the claims made by Nick and Charla Shaffer, Individually, and as Parents and Next Friends of H.S., deceased, to recover from Brown's Driving School and to recover UIM coverage under the Policy.

11.    This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, because the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs, and the action is between citizens of different states.

12.    Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

**II.    FACTS**

13.    State Farm adopts and incorporates herein paragraphs 1 through 12 of this

3

Complaint.

14.    A & D Brown Enterprises, Inc., d/b/a Brown's Driving School, is an incorporated business that provides drivers training.

15.    On January 15, 2020, a driving training session was underway. Student, A.R., a minor, was operating a 2020 Toyota Corolla owned by Brown's Driving School with driving instructor, George Voss, as a front seat passenger. Co-student, H.S., was a backseat passenger.

16.    While on the off ramp to I-240 west bound near South Byers Road in Oklahoma City, a vehicle operated by Sammual Pace rear-ended the vehicle operated by A.R. and occupied by George Voss and H.S. H.S. sustained fatal injuries in the accident.

## III.    THE UNDERLYING ACTION

17.    State Farm adopts and incorporates herein paragraphs 1 through 16 of this Complaint.

18.    On March 6, 2020, Nick and Charla Shaffer, Individually, and as Parents and Next Friends of H.S. ("Underlying Plaintiffs"), filed suit against Brown's Driving School and others in the District Court in and for Oklahoma County, State of Oklahoma ("Underlying Action"). On March 17, 2020, Underlying Plaintiffs filed a First Amended Petition ("FAP") in the Underlying Action.

19.    In their FAP, the Underlying Plaintiffs named as Defendants, Sammual L. Pace, Cheekia Rogers, as parent and legal Guardian of A.R., a minor, Brown's Driving

School, and George A. Voss, Individually, and as an employee/agent/servant of Brown's Driving School. (FAP, p. 1, Exhibit No. 2).

20.     In their FAP, Underlying Plaintiffs allege that Brown's Driving School, Pace, A.R., and Voss all contributed to the cause of the Underlying Accident, and that at all times relevant, Voss was acting in the course and scope of his employment with Brown's Driving School. (FAP, ¶¶ 10, 13-24, 25-47, 71, Exhibit No. 2).

21.     Underlying Plaintiffs seek to recover from Brown's Driving School for alleged negligence, gross negligence, and vicarious liability arising from the acts of A.R. and Voss. (FAP, ¶¶ 48-77, Exhibit No. 2).

22.     Underlying Plaintiffs allege that Brown's Driving School was negligent "in hiring, training, retaining, and supervision of its driving instructors, including George A. Voss." (FAP, ¶¶ 69, 74,, Exhibit No. 2).

23.     Underlying Plaintiffs contend that Brown's Driving School is liable for the "negligence of Defendant George A. Voss, as an employee/agent and individual under Defendant Brown's Driving School's management, supervision, direction and control." (FAP, ¶¶ 58, Exhibit No. 2).

24.     Underlying Plaintiffs contend that Brown's Driving School had a "duty to establish policies, procedures and/or practices designed to maintain the safety, health and welfare of the students in their care and custody," and that Brown's Driving School "breached that duty by allowing unlicensed minors to transport other students, not then being

instructed, to and from home without proper instruction and supervision." (FAP, ¶¶ 60-61, 67, Exhibit No. 2).

25.    Underlying Plaintiffs contend that Brown's Driving School had duties to "warn and/or advise parents of minor children" of its policies regarding transporting students, and of "the dangers and risks apparent if their child rode in the back seat of the vehicle while an unlicensed and untrained minor child operated that vehicle." (FAP, ¶ 62, Exhibit No. 2).

26.    Underlying Plaintiffs allege that Brown's Driving School "breached their duty to obtain consent from the parents of their minor students, such as Plaintiffs Nick and Charla Shaffer, and thus, placed their minor students in a foreseeable circumstance to be injured by the negligent and/or reckless driving of an unqualified, unlicensed minor operating a motor vehicle." (FAP, ¶ 66, Exhibit No. 2).

## IV.    THE LIABILITY COVERAGE PROVIDED BY THE POLICY

27.    State Farm adopts and incorporates herein paragraphs 1 through 26 of this Complaint.

28.    The Liability Coverage extension clause in the Policy provides in relevant part as follows:

**Insuring Agreement**

1.    *We* will pay damages an *insured* becomes legally liable to pay because of:

    a.    *bodily injury* to others; and

    b.    damage to property

6

caused by an accident that involves a vehicle for which that ***insured*** is provided Liability Coverage by this policy.

(Policy, Amendatory Endorsement 6936A.1, p. 1-2, Exhibit No. 1).

29.    The Policy defines the term "bodily injury" as follows: "***Bodily injury*** means bodily injury to a ***person*** and sickness, disease, or death that results from it." (Policy, p. 4, Exhibit No. 1).

30.    Based on the foregoing terms, the Policy extends Liability Coverage to an "insured" for "bodily injury" and "property damage" caused by an "accident" that involves an insured vehicle.

31.    To the extent Underlying Plaintiffs seek to recover from Brown's Driving School for damages that do not constitute "bodily injury" or "property damage" caused by an "accident" involving an insured vehicle, the Policy does not provide Liability Coverage.

32.    In addition to actual damages, Underlying Plaintiffs seek to recover punitive damages. (FAP, ¶¶ 109-112, Exhibit No. 2).

33.    Punitive damages do not constitute "bodily injury" or "property damage" caused by an "accident" within the meaning of those terms in the Policy. Even if the Policy extended coverage to punitive damages, Oklahoma public policy does not allow a defendant to escape liability for such damages by shifting the loss to an insurer. *See Dayton Hudson Corp. v. American Mut. Liab. Ins.*, 1980 OK 193, ¶ 12, 521 P.2d 1155, 1160 (recognizing that Oklahoma public policy precludes shifting of punitive damages to an insurer). Therefore, the Policy does not provide coverage for punitive damages.

IV.    **THE UNDERLYING PLAINTIFFS' UNDERINSURED MOTORIST CLAIM MADE ON BEHALF OF H.S.**

34.    State Farm adopts and incorporates herein paragraphs 1 through 33 of this Complaint.

35.    At the time of the Underlying Accident, the vehicle owned by Brown's Driving School and occupied by H.S. was an insured vehicle under the Policy. Among other coverages, the Policy provides Underinsured Motorist ("UIM") coverage with limits of $100,000.00 Each Person and $300,000.00 Each Accident. (Policy, p. 13, and Vehicle Schedule, Exhibit No. 1).

36.    In addition to insuring the 2020 Toyota Corolla involved in the accident, twenty-four other vehicles owned by Brown's Driving School were insured under the Policy at the time of the Underlying Accident. (Policy, Vehicle Schedule, Exhibit 1).

37.    The Policy provides UIM coverage for damages an "insured" is legally entitled to recover from an uninsured or underinsured motorist. Specifically, the insuring clause relating to UIM coverage provides as follows:

**Insuring Agreement**

*We* will pay compensatory damages for *bodily injury* an *insured* is legally entitled to recover from the owner or driver of an *uninsured motor vehicle*. The *bodily injury* must be:

1.    sustained by an *insured*; and

2.    caused by an accident that involves the operation, maintenance, or use of an *uninsured motor vehicle* as a motor vehicle.

(Policy, p. 13, Exhibit No. 1).

38.     The Policy includes endorsement 6030FB Business Named Insured which

defines the term "insured" for UIM coverage as follows:

### 4.     UNINSURED MOTOR VEHICLE COVERAGE

a.     **Additional Definitions**

*Insured* is changed to read:

1.     any *person* while occupying:

a.     *your car*;

b.     a *newly acquired car*; or

c.     a *temporary substitute car*.

Such vehicle must be used within the scope of *your* consent. Such *person occupying* a vehicle used to carry *persons* for a charge is not an *insured*; and

2.     *you* and any *person* entitled to recover compensatory damages as a result of *bodily injury* to an *insured* defined in item 1. above.

(Policy, Endorsement 6030FB, p. 3, ¶ 4, Exhibit No. 1).

39.     The Policy defines the terms "you" and "your" as follows: "*You* or *Your* means

the named insured or named insureds shown on the Declarations Page." (Policy,

Endorsement 6030FB, p. 1, ¶ 1, Exhibit No. 1).

40.     The "Named Insured" shown on the Declarations Page is "A & D Brown

Enterprises, Inc., DBA Brown's Driving School." (Policy, Declarations, Exhibit No. 1).

41.     The Policy defines the term "your car" in relevant part as "the vehicle shown under YOUR CAR on the Declarations page." (Policy, p. 5, Exhibit No. 1).

42.     The following appears in the "YOUR CAR" section of the Declarations page: "SEE VEHICLE SCHEDULE." The Vehicle Schedule provides in relevant part as follows:

U - UNINSURED MOTOR VEHICLE

BODILY INJURY 100000 EACH PERSON 300000 EACH ACCIDENT.

(Policy, Declarations and Vehicle Schedule, Exhibit No. 1).

43.     Based on the foregoing Policy terms and definitions, the Policy extends UIM coverage to "you," which is defined as the Named Insured, Brown's Driving School, and to "any *person* while occupying: a. *your car*." H.S. qualified as an "insured" for UIM coverage solely because she was an occupant and passenger in the involved insured vehicle at the time of the Underlying Accident.

44.     Under Oklahoma law, those qualifying as insureds by virtue of their status as occupants or passengers of an insured vehicle are considered "Class 2" insureds. Under Oklahoma law, Class 2 insureds are not entitled to stack UIM coverage. *See Babcock v. Atkins*, 1984 OK 84, 695 P.2d 1340, 1342-43 ("we now hold that the occupants of an insured motor vehicle involved in an accident, who are entitled to uninsured motorist coverage solely because of their status as passengers, may not stack the uninsured motorist coverage"); *Rogers v. Goad*, 1987 OK 59, 739 P.2d 519 (noting the distinction between Class 1 insureds and Class 2 insureds, and holding that occupants, who are Class 2 insureds, may not stack

UM/UIM coverage beyond the vehicle occupied at the time of the accident). *See also Marquis v. North Star Mut. Ins. Co.*, 2015 WL 13573967 (W.D. Okla. 2015) (relying on *Babcock* and holding that daughter of named insured who was an insured "solely by reason of [her] presence in [the insured] vehicle" could not stack UM coverage).

45.     Additionally, Oklahoma's Uninsured Motorist Statute provides that "[p]olicies issued, renewed or reinstated after November 1, 2014, shall not be subject to stacking or aggregation of limits unless expressly provided for by an insurance carrier." Okla. Stat. tit. 36, § 3636 (B).

46.     The Policy does not expressly provide for stacking or aggregation of UIM limits. In fact, the Policy expressly provides that "[t]he limit shown under "Each Person" is the most *we* will pay for all damages resulting from ***bodily injury*** to any one ***insured*** injured in any one accident, including all damages sustained by other ***insureds*** as a result of that ***bodily injury***." (Policy, p. 14, Exhibit No. 1).

47.     Despite the terms of the Policy and Oklahoma law, the Underlying Plaintiffs contend that the $100,000.00 Each Person limits of UIM coverage provided by the Policy may be stacked on all twenty-five vehicles insured under the fleet Policy at the time of the Underlying Accident. Based on that contention, the Underlying Plaintiffs have made demand on State Farm to recover Two Million Five Hundred Thousand Dollars ($2,500,000.00) in UIM coverage under the Policy.

48.     State Farm requests declaratory judgment herein finding that the UIM coverage

11

provided by the Policy may not be stacked because H.S. was a Class 2 insured, and therefore, the maximum limit of UIM coverage available for the fatal injuries sustained H.S. is the Each Person limits of $100,000.00.

49.    An actual controversy exists between the parties concerning issues set forth herein. State Farm has no adequate remedy by which this controversy may be resolved other than that which is requested by this Complaint for Declaratory Judgment.

**WHEREFORE**, State Farm seeks declaratory judgment as follows:

(1)    To the extent Underlying Plaintiffs seek to recover from Brown's Driving School for damages that do not constitute "bodily injury" or "property damage" caused by an "accident" involving an insured vehicle, the Policy does not provide Liability Coverage for such damages.

(2)    The Policy does not provide coverage for punitive damages.

(3)    State Farm has no duty to satisfy any judgment entered against Brown's Driving School in the Underlying Action to the extent that judgment is for damages that do not constitute "bodily injury" or "property damage" caused by an "accident" involving an insured vehicle.

(4)    The UIM coverage provided by the Policy may not be stacked because H.S. was a Class 2 insured, and therefore, the maximum limit of UIM coverage available for the fatal injuries sustained H.S. is the Each Person limits of $100,000.00.

For the reasons set forth herein, State Farm respectfully requests that the Court grant

declaratory judgment, and requests that it be granted any further relief this Court deems just and proper. State Farm reserves the right to amend this Complaint for Declaratory Judgment as warranted by claims, facts, and discovery.

Respectfully submitted,

**ATKINSON, HASKINS, NELLIS, BRITTINGHAM, GLADD & FIASCO**
A Professional Corporation


    /s/ Galen L. Brittingham
Galen L. Brittingham, OBA #12226
John S. Gladd, OBA #12307
Kirsten L. Palfreyman, OBA #30668
525 South Main, Suite 1500
Tulsa, Oklahoma 74103-4524
Telephone: (918) 582-8877
Facsimile: (918) 585-8096
**_Counsel for Plaintiff, State Farm Mutual_**
**_Automobile Insurance Company_**

S:\Files\441\73\COMPLAINT-BROWN-1-GLB.wpd